# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **DAVID MEYERS,** | ) | Civil Action No. 7:19-cv-00573 |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| **ROANOKE U.S. ATTORNEY,** *et al.,* | ) | By: Norman K. Moon |
| Respondents. | ) | Senior United States District Judge |

David Meyers, a Virginia inmate proceeding *pro se*, commenced this civil action as a "petition for writ of mandamus." Meyers names as respondents the "Roanoke U.S. Attorney, U.S. Attorney [for the Western District of Virginia] Thomas T. Cullen, FBI Richmond-Roanoke Field Office, and the Roanoke United States Marshal Service." In the factual section of his petition, Meyers alleges that a nurse at Wallens Ridge State Prison ("WRSP") purposefully failed to render aid to an inmate she observed having a stroke or aneurysm. Meyers alleges that she instead made callous comments to the inmate and walked away, and he died shortly thereafter. Meyers also complains that the emergency intercom system at the jail is not functioning properly. His petition contains assertions that a number of prison officials at WRSP and Red Onion State Prison ("ROSP") are improperly using corporal punishment to "murder" inmates in order "to meet their white nationalist hate crime quotas." (Pet. at 2, Dkt. No. 1.)

As relief, Meyers asks the court to enter an order compelling the named respondents to subpoena Meyers and another inmate to testify about the "killing" of the inmate, comply with a bill passed by the Virginia General Assembly that allegedly requires an investigation into the inmate's death, and to "conduct full prosecutions" of the nurse for murder or homicide. (*Id.*) Although his petition rambles to a degree, it appears that he also wants an investigation into "mysterious deaths" generally at WRSP and ROSP and an injunction prohibiting prison employees or officials from utilizing corporal punishment.

The petition is dismissed as frivolous because mandamus cannot provide the relief Meyers seeks.[1]  As the Fourth Circuit has explained, "[a] writ of mandamus will not issue to compel an act involving the exercise of judgment and discretion." *Cent. S.C. Chapter, Soc. of Prof'l Journalists*, 551 F.2d 559, 562 (4th Cir. 1977).  Instead, mandamus will issue "only where the duty to be performed is ministerial and the obligation to act peremptory and plainly defined. The law must not only authorize the demanded action, but require it; the duty must be clear and indisputable." *Id.*

As numerous courts have recognized, then, mandamus cannot issue to order the investigation or prosecution of individuals by federal authorities—clearly a discretionary function.  *E.g.*, *Jarrett v. Ashcroft*, 24 F. App'x 503, 504 (6th Cir. 2001) ("[M]andamus cannot be used to compel the Attorney General or the United States Attorney to conduct investigations or prosecute alleged civil rights violators," which are discretionary functions); *Misiak v. Freeh*, 22 F. App'x 384, 386 (6th Cir. 2001) ("Misiak was not entitled to mandamus relief because the defendants did not owe him a clear nondiscretionary duty" to investigate his complaints of criminal activity); *Inmates of Attica Corr. Facility v. Rockefeller*, 477 F.2d 375, 381–82 (2d Cir. 1973) (denying petition for mandamus to compel the United States Attorney to investigate and institute prosecutions against state officers and explaining that the authority to investigate and initiate criminal complaints is a discretionary decision and not subject to mandamus); *Banks v. U.S. Postal Inspection Serv.*, No. 4:18-cv-596, 2018 WL 4184740, at *6–7 (N.D. Ohio Aug. 31, 2018) (dismissing mandamus action seeking order compelling investigation of criminal matters and explaining that defendants had no clear duty to investigate the alleged wrongs); *Anderson v.*

---

[1] This dismissal does not impact Meyers' ability to file a civil rights action based on claims in his petition and against appropriate defendants, subject to the provisions of the Prison Litigation Reform Act.

*Ky. One Health, Inc.*, No. 3:17-cv-359, 2017 WL 4542227, at *2 (W.D. Ky. Oct. 11, 2017) (dismissing for lack of jurisdiction a mandamus petition seeking to compel various defendants "to commence a criminal investigation" into alleged wrongs and explaining that because defendants had discretion over whether to prosecute, "jurisdiction under the Mandamus Act does not exist"); *Freeman v. United States*, Civil Action No. 1:17-02279, 2017 WL 4544628, at *1–2 (S.D. W. Va. Aug. 10, 2017) (concluding that petitioner had not met the stringent requirements for invoking a Writ of Mandamus where he sought, in addition to other relief, to compel the dismissal of possible criminal charges against him).

Moreover, I decline to construe the petition as a civil rights action under 42 U.S.C. § 1983 or *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), as it fails to state a cognizable federal claim against the named defendants. To state a claim for relief under § 1983 or *Bivens*, a plaintiff must allege facts indicating that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of law. *West v. Atkins*, 487 U.S. 42 (1988); *see Farmer v. Brennan*, 511 U.S. 825, 839–41 (1994) (indicating that case law involving § 1983 claims is applicable in *Bivens* actions and vice versa). Significantly, Meyers' petition does not allege any facts against the named defendants or allege that any conduct committed by them has injured him or otherwise affected his constitutional rights.[2] Accordingly, Meyers' allegations fail to state a civil rights claim against the named defendants.

For the foregoing reasons, I will dismiss the action as frivolous.

---

[2] The petition also seeks an injunction against a number of prison employees (named and unnamed) prohibiting them "from "chaining" him and other inmates "down to torture chairs" during recreation time, which he describes as a type of "corporal punishment." His petition does not name any of those individuals as respondents, however. Nor could mandamus issue to enjoin state officials even if he had named them. *See* 28 U.S.C. § 1361; *AT & T Wireless PCS, Inc. v. Winston-Salem Zoning Bd. of Adjustment*, 172 F.3d 307, 312 n.3 (4th Cir. 1999).

## ORDER TO SHOW CAUSE

In light of that dismissal—yet another in a long line of cases dismissing Meyers' filings as frivolous—I am going to require Meyers to show cause as to why a pre-filing injunction should not issue against him.

By way of general background, Meyers is a three-striker who has filed at least thirty-five civil cases in this court, with approximately two-thirds of those in the past year. Many of those, including this one, have been dismissed as frivolous and/or malicious. In addition to filing new cases, Meyers continues to file motions and other documents in his closed civil cases; in some cases he continues to file documents more than two years after the case has closed. *See, e.g.*, *Meyers v. Clarke*, No. 7:16cv573; and *Meyers v. U.S. Attorney General*, No. 7:17cv75.[3]

Further, many of his documents contain scandalous, vulgar, obscene, threatening, or vituperative language or allegations. *See, e.g.*, *Meyers v. Kiser*, No. 7:18cv485, Dkt. Nos. 34, 41, 44, 50, 54, 57, 60, 64, 83, 89, 90, 95, 100, 106, 108, 111, 114, 115, 120, 121, 122, 131, 132, 136, 142, 143, and 148. Many of the documents filed by Meyers include the case numbers of almost all the cases he has filed in this court. *See, e.g.*, *Meyers v. Clarke*, No. 7:16cv573, Dkt. No 62; *Meyers v. Jones*, No. 7:18cv414, Dkt. No. 19; *Meyers v. Clarke*, No. 7:18cv460, Dkt. No. 10. Also, he frequently includes the same or overlapping allegations in multiple cases.

Although mindful that a pre-filing injunction is a drastic remedy to be used sparingly, I believe that a narrowly tailored pre-filing injunction against Meyers is likely necessary. I have authority pursuant to the All Writs Act, 28 U.S.C. § 1651(a), to limit access to this court by a vexatious and repetitive litigant. *Cromer v. Kraft Foods N. Am., Inc.*, 390 F.3d 812, 817 (4th Cir. 2004). But before doing so, the offending party must be provided with notice that the court

---

[3] The examples cited throughout this opinion are not an exhaustive list of all relevant examples.

is considering a pre-filing injunction as well as an opportunity to be heard. *Id.* at 819.

By memorandum opinion and order entered November 2, 2018, Chief Judge Urbanski of this court warned Meyers that he does not have an absolute and unconditional right of access to courts to prosecute frivolous, malicious, abusive, or vexatious motions or actions; advised him that the court intended to enter a pre-filing injunction against him; and gave him the opportunity to file any opposing argument. *See Meyers v. Jones*, No. 7:18cv414, Dkt. Nos. 3 and 4. Chief Judge Urbanski also has previously warned Meyers that he is not to file documents with obscene language and scandalous allegations and advised him that documents so filed would subject Meyers to additional and more severe sanctions, up to and including potential dismissal of a case in its entirety. *See Meyers v. Kiser*, No. 7:18cv485, Dkt. No. 116 (March 29, 2019 Order).

In light of that background, and because nearly all of Meyers' open cases are currently assigned to me, Meyers is hereby given notice of my intention to enter a pre-filing injunction against him. The injunction would contain substantially similar restrictions as those listed below and would apply to any non-habeas civil action filed while Meyers is incarcerated.

## COURT'S PROPOSED TERMS OF PRE-FILING INJUNCTION

1. All documents filed by Meyers (including complaints, petitions, motions, letters, etc.) must:
   a. Be written on only one side of the page, with one-inch margins on all sides of the page; and
   b. Contain no irrelevant scandalous, vulgar, obscene, threatening, or vituperative language or allegations.

2. Any complaint or petition filed by Meyers must:
   a. Clearly identify all defendants;
   b. State the facts in numbered paragraphs;
   c. Comply with Federal Rules of Civil Procedure concerning joinder of parties and claims;
   d. State non-frivolous claims;
   e. Allege specific facts demonstrating imminent danger of serious physical harm; and

    f.   Be accompanied by a certificate of compliance, verifying whether Meyers has complied with the requirements in paragraphs 1 and 2 of this order.

3. The Clerk of Court shall conditionally file any new complaint or petition filed by Meyers with the viewing limited to case participants only, until the court orders the case to be filed on the public docket.

4. The court will review any new complaint or petition filed by Meyers, and determine whether it complies with this order. If it does not, the action will be dismissed immediately, without further warning, as violating this order. If it does comply with this order, the court will issue an order directing the case to be filed on the public docket and allowing the action to proceed.

5. If at any time during the pendency of a case, Meyers files a document which contains any irrelevant scandalous, vulgar, obscene, threatening, or vituperative language or allegations, the court will dismiss the entire action immediately, without further warning, as violating this order.

6. Once a case number has been assigned to a case, every document filed in that case must include only that case number at the top of every page. If Meyers files any document which contains multiple case numbers, the court will strike the document from the record and no further action will be taken regarding the document.

8. In a closed case, if Meyers files any document which contains any irrelevant scandalous, vulgar, obscene, threatening, or vituperative language or allegations, the court will strike the document from the record and no further court action will be taken regarding the document.

9. If Meyers files more than one document which contains any irrelevant scandalous, vulgar, obscene, threatening, or vituperative language or allegations in a case, the court will direct the Clerk to refuse and not docket any new filing submitted in that case, with the exception of a notice of appeal.

**END OF PROPOSED TERMS**

Meyers will be required to file a written response within fourteen days showing cause why a pre-filing injunction containing the above or substantially similar terms should not issue against him.

An appropriate order will be entered.

**ENTER**: This 26th day of August, 2019.

NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE