# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **DAVID MEYERS,** | ) Civil Action No. 7:19-cv-00573 |
| Petitioner, | ) |
| | ) |
| v. | ) **MEMORANDUM OPINION** |
| | ) |
| **ROANOKE U.S. ATTORNEY,** *et al.,* | ) By: Norman K. Moon |
| Respondents. | ) Senior United States District Judge |

David Meyers, a Virginia inmate proceeding *pro se*, commenced this civil action as a "petition for writ of mandamus." Meyers names as respondents the "Roanoke U.S. Attorney, U.S. Attorney [for the Western District of Virginia] Thomas T. Cullen, FBI Richmond-Roanoke Field Office, and the Roanoke United States Marshal Service." Because he did not allege facts that those defendants violated a *duty* owed to him, as opposed to a failure to perform a discretionary function, I dismissed the lawsuit as frivolous in an opinion and order entered August 26, 2019. (Dkt. Nos. 4, 5.)

In the same order, I directed Meyers to show cause, if there be any, as to why a pre-filing injunction should not issue against him. (*Id.*) He has now responded to the show-cause order. (Dkt. No. 8.) In his response, he does not set forth any valid reason why the pre-filing injunction I proposed should not enter. Instead, and for the reasons discussed below, I conclude that a pre-filing injunction against Meyers is proper and appropriate and I will enter one.

As noted in the order to show cause, Meyers has filed at least thirty-five civil cases in this court, with approximately two-thirds of those in the past year, and most of those cases allege facts that are duplicative of and/or substantially intertwined with those of other

cases.[1]  Meyers is also a three-striker and has had many cases, like this one, dismissed as frivolous and/or malicious.[2]  In addition to filing new cases, Meyers continues to file motions and other documents in his closed civil cases; in some cases he continues to file documents more than two years after the case has closed.  *See, e.g.*, *Meyers v. Clarke*, No. 7:16cv573; and *Meyers v. U.S. Attorney General*, No. 7:17cv75.  Further, many of the documents filed by Meyers include the case numbers of almost all the cases he has filed in this court.  *See, e.g.*, *Meyers v. Clarke*, No. 7:16cv573, Dkt. No 62; *Meyers v. Jones*, No. 7:18cv414, Dkt. No. 19; *Meyers v. Clarke*, No. 7:18cv460, Dkt. No. 10.[3]  And many of his documents contain scandalous, vulgar, obscene, threatening, or vituperative language or allegations.  *See, e.g.*, *Meyers v. Kiser*, No. 7:18cv485, Dkt. Nos. 34, 41, 44, 50, 54, 57, 60, 64, 83, 89, 90, 95, 100, 106, 108, 111, 114, 115, 120, 121, 122, 131, 132, 136, 142, 143, and 148.  Meyers also has filed appeals in many of his

---

[1] *See Meyers v. Clarke*, No. 7:16cv573; *Meyers v. Young*, No. 7:17cv17; *Meyers v. U.S. Attorney General*, No. 7:17cv75; *Meyers v. U.S. Attorney General*, No. 7:17cv167; *Meyers v. Clarke*, No. 7:17cv201; *Meyers v. Clarke*, No. 7:17cv206; *Meyers v. Director of the Patent and Trademark Office*, No. 7:17cv233; *Meyers v. U.S. Postal Service*, No. 7:18cv29; *Meyers v. Bentley*, No. 7:18cv51; *Meyers v. Clarke*, No. 7:18cv273; *Meyers v. Clarke*, No. 7:18cv371; *Meyers v. Clarke*, No. 7:18cv379; *Meyers v. Jones*, No. 7:18cv414; *Meyers v. Clarke*, No. 7:18cv435; *Meyers v. U.S. District Court Roanoke Division*, No. 7:18cv458; *Meyers v. Clarke*, No. 7:18cv460; *Meyers v. United States District Court, Big Stone Gap Division*, No. 7:18cv472; *Meyers v. Governor Ralph Northam*, No. 7:18cv473; *Meyers v. U.S. District Court, Roanoke Division*, No. 7:18cv474; *Meyers v. Kiser*, No. 7:18cv485; *Meyers v. Counts*, No. 7:18cv502; *Meyers v. Kiser*, No. 7:18cv556; *Meyers v. Dye*, No. 7:18cv557; *Meyers v. Jones*, No. 7:18cv598; *Meyers v. Lew*, No. 7:18cv603; *Meyers v. Sargent*, No. 7:19cv2; *Meyers v. Manis*, No. 7:19cv3; *Meyers v. United States of America*, No. 7:19cv38; *Meyers v. Flemmings*, No. 7:19cv174; *Meyers v. Hall*, No. 7:19cv250; *Meyers v. Manis*, No. 7:19cv406; *Meyers v. Manis*, No. 7:19cv496; *Meyers v. Manis*, No. 7:19cv558; *Meyers v. U.S. Marshal's Service*, No. 7:19cv572; and *Meyers v. Roanoke U.S. Attorney*, No. 7:19cv573.

[2] *See, e.g.*, *Meyers v. Jones*, No. 7:18cv414 (W.D. Va. Nov. 2, 2018) (dismissed with prejudice as frivolous and malicious); *Meyers v. Clarke*, No. 7:18cv460 (W.D. Va. Nov. 2, 2018) (dismissed with prejudice as frivolous and malicious); *Meyers v. U.S. District Court, Big Stone Gap Division*, No. 7:18cv472 (W.D. Va. Nov. 2, 2018) (dismissed with prejudice as frivolous); *Meyers v. Northam*, No. 7:18cv473 (W.D. Va. Nov. 2, 2018) (dismissed with prejudice as frivolous); *Meyers v. U.S. District Court, Roanoke Division*, No. 7:18cv474 (W.D. Va. Nov. 2, 2018) (dismissed with prejudice as frivolous); *Meyers v. Clarke*, No. 7:18cv435 (W.D. Va. Sept. 7, 2018) (dismissed with prejudice as frivolous); and *Meyers v. Bass*, No. 2:95cv774 (E.D. Va. Aug. 15, 1995) (dismissed without prejudice as frivolous).

[3] The examples cited throughout this opinion are not an exhaustive list of all relevant examples.

cases and often files more than one appeal in the same case. *See, e.g.*, *id.*, Dkt. Nos. 91, 122, and 153.

By memorandum opinion and order entered November 2, 2018, Chief Judge Urbanski of this court warned Meyers that he does not have an absolute and unconditional right of access to courts to prosecute frivolous, malicious, abusive, or vexatious motions or actions, advised him of the court's intention to enter a pre-filing injunction against him, and gave him the opportunity to file any opposing argument. *See Meyers v. Jones*, No. 7:18cv414, Dkt. Nos. 3 and 4. Meyers filed objections, *see id.* at Dkt. Nos. 5 and 9, and he also has filed more than a dozen cases since that warning issued.

Although his objections to Chief Judge Urbanski's warning were largely incomprehensible, it appears that Meyers attempted to argue that a pre-filing injunction should not be imposed because he is under imminent danger of serious physical harm. *Id.* However, in other cases, the court has had multiple hearings regarding whether Meyers is in imminent danger of serious physical harm, *see Meyers v. Kiser*, No. 7:18cv485, Dkt. Nos. 30 and 103, and has dismissed several cases after finding that he is not in imminent danger of serious physical harm. *See e.g.*, *id.*, Dkt. No. 141; *Meyers v. Dye*, No. 7:18cv557; *Meyers v. Jones*, No. 7:18cv598; *Meyers v. Manis*, No. 7:19cv2; and *Meyers v. Flemmings*, No. 7:19cv174. Moreover, some cases he files are frivolous and subject to dismissal even if they also allege that he is in imminent danger of serious physical harm. For example, his request for mandamus in this case is frivolous regardless of whether he is in imminent danger of serious physical harm.

In any event, the order being entered will not prohibit Meyers from getting his claims before the court in the event that he is in imminent danger of serious physical harm if he otherwise abides by the filing requirements the order imposes. Accordingly, I find no merit in that objection.

Chief Judge Urbanski gave Meyers a second warning on March 29, 2019. *See Meyers v. Kiser*, No. 7:18cv485, Dkt. No. 116. In the second warning, Chief Judge Urbanski struck obscene language and scandalous allegations from Meyers' filing and warned him that future pleadings containing similar vile and obscene language would be stricken by the court and would subject Meyers to additional and more severe sanctions, up to and including potential dismissal in the entirety of the applicable pending action. *Id.* Despite the second warning, Meyers continued to file documents containing scandalous, vulgar, obscene, threatening, or vituperative language or allegations. *See, e.g., id.*, Dkt. Nos. 120, 121, 122, 131, 132, 136, 142, 143, and 148.

As noted, Meyers received additional notice of the possibility of a pre-filing injunction from my August 26, 2019 opinion and order. That order to show cause highlighted some of the same abuses that are detailed above.

In response to the show-cause order, Meyers has filed a six-page, handwritten response, most of which is not directed to actually responding to the show cause order. In it, he emphasizes that he is in danger, a fact that has no bearing on, and cannot save from dismissal as frivolous, his mandamus petition in this case. (Response to Show Cause at 1–2, 6.) He also references subsequent alleged abuses by VDOC officers, both against him and against his "witness," Christopher Dammones. Again, to the extent he is claiming that the imminent danger he faces should prevent a pre-filing injunction, I disagree. As noted above, the order I am entering is sufficiently narrow such that it will not prohibit Meyers from getting his claims before the court in the event that he is in imminent danger of serious physical harm if he otherwise abides by the filing requirements. Accordingly, there is no merit in that objection.

Meyers also requests that the court vacate his order of dismissal, but provides no valid basis for reconsideration. Thus, to the extent his response is construed as a motion to reconsider, it is DENIED.

His response then accuses me, other judges of this court, the Clerk of court, and/or other judicial employees of "manifest injustice," (Response to Show Cause Order at 2), of attempting to murder him (*id.* at 3), of dismissing his lawsuits as retaliation (*id.*), of encouraging VDOC employees to "commit . . . recreation[al] murders and corporal punishment torture," and of harboring "racial discrimination, racial [animosity] and sympathizing with the white nationalists cult terrorist movements," and of having "deep-seated racial hatred" for him, as a "non-white." He complains that he has had cases dismissed and that the judges of this court have used "fraud and perjury" to dismiss his cases, when they were not frivolous. He also claims that my prior order was a threat to rob him of his civil and constitutional rights, "because it y'all 'white oppression plan' to racially de-right me, to gain rank in y'all white nationalist cult terrorist movement to kill me, other blacks and minorities." (*Id.* at 5.) Similarly, he accuses me—apparently because I dismissed as frivolous his writ of mandamus in this case—of "knowingly violating the 11th Amendment of the U.S. Constitution," [and] "committing treason and sedition." (*Id.* at 6.)

His response does not include any factual support for these allegations, and there is no basis for them. Simply accusing judges and court staff of racial discrimination or treason does not make those allegations true or founded. Instead, his repeated allegations are simply further evidence of his pattern of abusive filings and highlight the need for the pre-filing injunction.

Part of his response does suggest explanations for some of the formatting problems that were noted in the show-cause order. For example, he asserts that he has a number of mental disorders, (*id.* at 4 (referencing his diagnoses of "schizophrenia Type 1, delusional disorder, bipolar disorder, manic depressive disorder, and antisocial personality disorder")), and that VDOC officials or correctional officers have denied him proper mental health services. He claims that these mental disorders, as well as his physical disabilities (bullets lodged in his finger

5

joints and his blindness/visual impairments) affect his penmanship. He claims that VDOC officers have failed to provide him with proper mental health services and Braille stationary to assist him in not writing all over the page. But the primary problem is not with Meyers' penmanship; overall, his writing is fairly legible. Indeed, if the *only* problem with Meyers' filings were that he writes to the edges of pages, writes in small font on both sides of the page, and that his writing is sometimes crowded to the point of being illegible, that likely would not warrant a pre-filing injunction.

The far more pressing problems are the *content* of his filings: his failure to limit what he is saying to information relevant to the claims he asserts in a particular lawsuit, his repetitive and rambling filings, his insistence on including multiple case numbers in a single filing, his repeated filings of frivolous claims and frivolous lawsuits, and his inclusion of irrelevant scandalous, vulgar, obscene, threatening, or vituperative language or allegations.

Although mindful that a pre-filing injunction is a drastic remedy to be used sparingly, I find that a narrowly tailored pre-filing injunction against Meyers is warranted. When determining whether a pre-filing injunction is warranted, a court is required to weigh

> all the relevant circumstances, including (1) the party's history of litigation, in particular whether he has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions.

*Cromer v. Kraft Foods N. Am., Inc.,* 390 F.3d 812, 818 (4th Cir. 2004). I have authority pursuant to the All Writs Act, 28 U.S.C. § 1651(a), to limit access to this court by a vexatious and repetitive litigant. *Id.* at 817. A court must provide the offending party with notice that the court is considering a pre-filing injunction as well as an opportunity to be heard. *Id.* at 819.

I have weighed all relevant circumstances in my consideration of the propriety of a pre-filing injunction against Meyers. Meyers has repeatedly filed vexatious and frivolous lawsuits,

as well as motions and other documents which contain scandalous, vulgar, obscene, threatening, or vituperative language or allegations, that serve only to harass. I conclude that many of Meyers' filings are not submitted in good faith and have become overly burdensome on and wasteful of the court's resources.

Chief Judge Urbanski's warnings went unheeded. Instead of altering his conduct to conform with Judge Urbanski's warning, Meyers has blatantly ignored them and continues to file documents and lawsuits with the same problems. His failure to abide by warnings, as well as the entire course of his conduct, shows the inadequacy of less severe sanctions, such as warnings.

I, too, gave Meyers notice of my intention to limit his ability to file cases and other documents, and Meyers has had the opportunity to be heard. Even his response to the show cause order suffers from some of the same problems I noted. Accordingly, I find it necessary and appropriate to issue a pre-filing injunction against Meyers.

An appropriate order will be entered.

**ENTER**: This <u>6th</u> day of September, 2019.

*/s/ Norman K. Moon*
NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE